UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS URIEL RIVAS RIVERA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:25-cv-01476-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 1, 23 |

Petitioner Douglas Uriel Rivas Rivera is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 20, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition for writ of habeas corpus, denying respondents' motion to dismiss, and denying respondents' alternative request to amend the briefing schedule.  Doc. 23. The same day, respondents filed timely objections.  Doc. 24.

Respondents' objections fail to meaningfully address the findings and recommendations' analysis.  Respondents state that they object "on the same grounds as those stated" in their prior briefing.  Doc. 24 at 1.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de

1

novo review of the case.  Having carefully reviewed the matter, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1.  The findings and recommendations issued on March 20, 2026, Doc. 23, are ADOPTED in full;

2.  The petition for writ of habeas corpus, Doc. 1, is GRANTED;

3.  Respondents' motion to dismiss, Doc. 11, and alternative request to amend the briefing schedule is DENIED;

4.  Respondents are ordered to provide petitioner with an individualized bond hearing before an immigration judge within thirty (30) days that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and at which "the government must prove by clear and convincing evidence that [petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203.  In the event petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider petitioner's financial circumstances and alternative conditions of release.  *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017); and

5.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   March 23, 2026

UNITED STATES DISTRICT JUDGE